1  Peter R. Afrasiabi (Bar No. 193336)
   Email: pafrasiabi@onellp.com
2  John Tehranian (Bar. No. 211616)
   Email: jtehranian@onellp.com
3  **ONE LLP**
   4000 MacArthur Blvd.
4  East Tower, Suite 500
   Newport Beach, CA 92660
5  Telephone: (949) 502-2870
   Facsimile:  (949) 258-5081
6
   Joanna Ardalan, Esq. (Bar No. 285384)
7  Email: jardalan@onellp.com
   **ONE LLP**
8  9301 Wilshire Blvd.
   Penthouse Suite
9  Beverly Hills, CA 90210
   Telephone: (310) 437-8665
10 Facsimile:  (310) 943-2085

11 Attorneys for Plaintiff,
   Stephan Wurth Photography, Inc.
12

13              **UNITED STATES DISTRICT COURT**

14             **CENTRAL DISTRICT OF CALIFORNIA**

15                  **SOUTHERN DIVISION**

16

17 STEPHAN WURTH PHOTOGRAPHY,      Case No.
   INC., a Florida corporation,
18                                 **COMPLAINT FOR COPYRIGHT**
                                   **INFRINGEMENT**
19          Plaintiff,
                                   **DEMAND FOR JURY TRIAL**
20 v.

21 WETPAINT.COM, INC., a Delaware
   corporation; BRETT ROSIN, an individual;
22 GRANT BROWN, an individual, and
   DOES 1-10 INCLUSIVE,
23

24          Defendants.

25

26

27

28

                            **COMPLAINT**

Stephan Wurth Photography, Inc. ("Wurth"), by and through its attorneys of record, complains against Wetpaint.com, Inc., ("Wetpaint"), Brett Rosin ("Rosin"), Grant Brown ("Brown"), and DOES 1-10 (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.    This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*.  This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

2.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District.  Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3.    Plaintiff Stephan Wurth Photography, Inc., is a Florida corporation, with its principal place of business in New York, New York.

4.    Plaintiff is informed and believes and, upon such, alleges that Wetpaint.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington, and its predecessor-in-interest, Rant, Inc., who also committed the activities at issue in this suit, is a Delaware corporation with its principal place of business in Irvine, California.

5.    Plaintiff is informed and believes and, upon such, alleges that Rosin is an individual residing in Orange County, California.

6.    Plaintiff is informed and believes and, upon such, alleges that Brown is an individual residing in Orange County, California.

7.    DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.  Plaintiff is informed and believes and, upon such, alleges that each of the

2

**COMPLAINT**

Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

### *The Photo Forming the Subject Matter of This Dispute*

8.     Stephan Würth ("Mr. Wurth") is a prominent commercial and fine art photographer who licenses his evocative and striking images of celebrities and models to a multitude of top-tier media outlets, including, the New York Times, Vogue Latin America, Esquire Magazine and many others.  Among other things, Mr. Wurth has shot numerous celebrities in exotic locations for photographic profiles in magazines and galleries.

9.     In 2008, Mr. Wurth shot a series of original photographs of renowned tennis champion Anna Kournikova, who has played in the Australian Open, French Open, Wimbledon, U.S. Open, and the Olympic Games. These images are referred to herein as the "Kournikova Photos." The Kournikova Photos have been licensed to numerous magazines for substantial licensing fees and they have been registered with the United States Copyright Office.

### *The Defendants and the Marketplace*

10.     On information and belief, Defendants Brett Rosin and Grant Brown both founded Rantlifestyle.com, and Rosin and Brown operated and managed Rantlifestyle.com at the time unauthorized copies of the Kournikova Photos were uploaded, distributed, and reproduced and directed the same. After the posting, Rosin and Brown sold Rantlifestyle.com to Wetpaint.com, Inc., which continues to infringe the Kournikova Photos.

11.     On information and belief, Defendant Wetpaint.com, Inc. is a wholly owned subsidiary of Function(x), Inc., a publicly traded company listed on NASDAQ. It is a sophisticated online publisher that owns and manages numerous lifestyle websites, including Rantlifestyle.com, and according to the Rantlifestyle website, is "a leading innovator in online media consumption."

**COMPLAINT**

12.     On information and belief, the Rantlifestyle website contains compelling images, such as photographs of attractive women in bikinis, to attract a larger audience to its website.

13.     Defendants have, on information and belief, reproduced, distributed, and displayed the Kournikova Photos on Rantlifestyle.com without consent or license.

14.     Defendants have, on information and belief, violated federal law by willfully infringing Wurth's copyrights to at least 8 of the Kournikova Photos, as demonstrated in Exhibit A.  Attached hereto as Exhibit A is a true and correct copy of numerous screenshots showing Defendants' use of the Kournikova Photos, many of which are reproduced on rantlifestyle.com multiple times and in high resolution.

15.     On information and belief, Defendants' reproduction, distribution and public display of Plaintiff's photograph, and derivatives thereof, continues unabated to this very day.

16.     On information and belief, Defendants herein have driven significant traffic to their website and attention to their website in large part due to the presence of the compelling photographs of Anna Kournikova.  All of this traffic and attention translates into substantial ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions.

## FIRST CLAIM FOR RELIEF

## (Copyright Infringement, 17 U.S.C.)

17.     Plaintiff Wurth incorporates here by reference the allegations in paragraphs 1 through 16 above.

18.     Wurth is the rightsholder to the copyrights of the Kournikova Photos, which substantially consist of wholly original material that constitutes copyrightable subject matter under the laws of the United States.  Wurth has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights.

19.     Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Wurth's copyrights by reproducing, displaying,

**COMPLAINT**

distributing and utilizing the Kournikova Photos for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

20.   On information and belief, Defendants' acts of infringement are willful because, inter alia, the Defendants are sophisticated publishers of content with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

21.   On information and belief, Defendants, despite such knowledge, willfully reproduced, publicly distributed and publicly displayed the Kournikova Photos on Rantlifestyle.com.

22.   Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of the Kournikova Photos for purposes of trade, including by increasing the traffic to Defendants' website and, thus, increasing advertising revenue for its website.

23.   The actions of Defendants were and are continuing to be performed without the permission, license or consent of Wurth.

24.   The wrongful acts of Defendants have caused, and are causing, great injury to Plaintiff, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Wurth will suffer irreparable injury, for all of which it is without an adequate remedy at law.  Accordingly, Plaintiff seeks a declaration that Defendants are infringing Wurth's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

25.   As a result of the acts of Defendants alleged herein, Wurth has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

26.   Wurth is entitled to actual and statutory damages in an amount to be proven at trial for the infringement of all works at issue.

27.   Plaintiff is also entitled to its attorney's fees in prosecuting this action.

**COMPLAINT**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.      The Defendants, its officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any image or design which infringe, contributorily infringe, or vicariously infringe Plaintiff Wurth's rights in the photographs at issue.

2.      Statutory damages in an amount of $150,000 per willful infringement pursuant to 17 U.S.C. § 504(c)(2)

3.      An accounting be made for all profits, income, receipts or other benefit derived by Defendant from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

4.      Requiring Defendant to account for and pay over to Plaintiff all profits derived by Defendant from its acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

5.      Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

6.      Defendant be held liable for costs, interest and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

7.      That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

1 | Dated: November 22, 2016

**ONE LLP**

By: /s/ Joanna Ardalan
    Peter R. Afrasiabi, Esq.
    John Tehranian, Esq.
    Joanna Ardalan, Esq.
    Attorneys for Plaintiff,
    Stephan Wurth Photography, Inc.

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff Stephan Wurth Photography, Inc. hereby demands trial by jury of all issues so triable under the law.


Dated:  November 22, 2016                    **ONE LLP**


                                        By:  /s/ Joanna Ardalan
                                             Peter R. Afrasiabi, Esq.
                                             John Tehranian, Esq.
                                             Joanna Ardalan, Esq.
                                             Attorneys for Plaintiff,
                                             Stephan Wurth Photography, Inc.

**COMPLAINT**